E-FILED
Friday, 01 May, 2020  04:29:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 965 ANNUITY FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND, DOWNSTATE INFRASTRUCTURE ADVANCEMENT AND AWARENESS FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, INTERNATIONAL UNION  OF OPERATING ENGINEERS 965 POLITICAL EDUCATION FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 965, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 20-3113 ) |
| CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COME Plaintiffs, OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT

PLAN, *et al.,* by their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant,

CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE and allege

as follows:

## Count I: Delinquent Contributions & Report Forms

1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3.      Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4.      Defendant, CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE, maintains its principal place of business in Springfield, Illinois, which is located within the venue of the Springfield Division of the District Court for the Central District of Illinois.

5.      Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust.  A copy of the pertinent provisions of the trust agreement for Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6.      Plaintiff, Operating Engineers Local 965 Health Benefit Plan, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

7.      Plaintiff, Operating Engineers Local 965 Health Benefit Plan, is the collection agent for the other named Plaintiffs—which are either employee benefit funds (that are also maintained in accordance with the provisions of the LMRA and ERISA), labor organizations, or labor-management committees and/or funds (established pursuant to collective bargaining agreements between the International Union of Operating Engineers Local Union 965 and certain employer associations whose employees are covered by said collective bargaining agreements with the Union)—and thus collects the fringe benefit contributions and other amounts owed to Plaintiffs.  A copy of the pertinent provisions of the trust agreement for Plaintiffs, International Union of Operating Engineers Local Union 965 Annuity Fund, Central Pension Fund of the International Union of Operating Engineers and Operating Engineers Training and Retraining Fund, is attached hereto as **Exhibits B, C,** and **D** and fully incorporated herein and made a part hereof by this reference.

8.      Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12), and (14) of ERISA.

9.      Defendant executed a Building Memorandum of Agreement (*i.e.*, a collective bargaining agreement) on May 1, 2013, which covered the period of May 1, 2009 through April 30, 2014.  A copy of the Building Memorandum of Agreement executed by Defendant is attached hereto as **Exhibit E** and fully incorporated herein and made a part hereof by this reference.

10.     Defendant is bound to Exhibit E.

11.     Defendant did not terminate Exhibit E.

12.     Defendant is bound to a successor Building Memorandum of Agreement, which covered the time period of May 1, 2014 through April 30, 2017.  A copy of the Building

Memorandum of Agreement for the period of May 1, 2014 – April 30, 2017 is attached hereto as **Exhibit F** and fully incorporated herein and made a part hereof by this reference.

13.     Defendant did not terminate Exhibit F.

14.     Defendant is bound to a successor Building Memorandum of Agreement, which covers the time period of May 1, 2017 through April 30, 2020.  A copy of the Building Memorandum of Agreement for the period of May 1, 2017 – April 30, 2020 is attached hereto as **Exhibit G** and fully incorporated herein and made a part hereof by this reference.

15.     Defendant did not terminate Exhibit G.

16.     Defendant executed the Wage Agreement to the Standard Form Area Agreement (*i.e.*, another collective bargaining agreement) on April 26, 2017.  A copy of the Wage Agreement is attached hereto as **Exhibit H** and fully incorporated herein and made a part hereof by this reference.

17.     Defendant is bound to the Standard Form Area Agreement, which covered the time period of May 1, 2013 through April 30, 2019.  A copy of the Standard Form Area Agreement for the period of May 1, 2013 – April 30, 2019 is attached hereto as **Exhibit I** and fully incorporated herein and made a part hereof by this reference.

18.     Defendant did not terminate Exhibit I.

19.     Defendant is bound to the successor Standard Form Area Agreement, which covers the time period of May 1, 2019 through April 30, 2022.  A copy of the Standard Form Area Agreement for the period of May 1, 2019 – April 30, 2022 is attached hereto as **Exhibit J** and fully incorporated herein and made a part hereof by this reference.

20.     Defendant did not terminate Exhibit J.

21.     Defendant contacted and utilized the International Union of Operating Engineers Local 965 (hereinafter "Union") for manpower.

22.     Defendant has recurrently used the Union for manpower.

23.     Defendant has historically paid its employees from the Union the rate of pay as negotiated in the applicable collective bargaining agreements, or the applicable wage agreements thereto (*i.e.*, "union scale").

24.     Defendant has historically remitted check-offs (*i.e.*, wage deductions) to the Union and other Plaintiffs from its employees' pay checks.

25.     Defendant has historically remitted fringe benefit contributions to Plaintiffs.

26.     Pursuant to the collective bargaining agreements (Exhibits E – J), Defendant is required to make contributions and other payments to Plaintiffs at the rates delineated in said collective bargaining agreements, or as may be increased/redistributed as determined by the Union. (Exhibits E – J).

27.     Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the collective bargaining agreements and Plaintiffs' trust agreements. (See, 29 U.S.C. §1145).

28.     Defendant employed individuals during the time period of January 2017 through present, and said individuals performed hours of work and earned gross wages under the collective bargaining agreements for which contributions and check-offs are owed to Plaintiffs.

29.     Defendant has failed to timely and properly pay Plaintiffs the required fringe benefit contributions and check-offs under the collective bargaining agreements for the hours of work performed and gross wages earned by its employees.

30.     Further, Defendant has failed to submit all of the required report forms for the period of July 2018 through current; thus, making it impossible for Plaintiffs to know the total amount owed.

31.     Plaintiffs are, therefore, unable to determine the full amount due, or to properly credit the accounts of Defendant's employees, who stand to lose eligibility, or coverage, as a result of Defendant's omissions, unless Defendant is ordered to submit the report forms.

32.     Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligations to do so.

33.     Moreover, based upon pay stubs submitted by Defendant's employees, Defendant owes additional contributions and check-offs for certain pay periods since July 2018.

34.     As a result of its failure to timely and properly pay Plaintiffs the required fringe benefit contributions and check-offs, Defendant owes Plaintiffs liquidated damages and interest pursuant to Plaintiffs' trust agreements. (See, Exhibits A-D).

35.     Defendant breached the provisions of the collective bargaining agreements and trust agreements by failing to submit remittance report forms and pay fringe benefit contributions and other amounts in accordance with said collective bargaining agreements to Plaintiffs during the time period of July 2018 to present. (See, Exhibits A-J).

36.     As a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

37.     Plaintiffs have demanded that Defendant pay Plaintiffs the contributions and other amounts owed as well as submit the outstanding report forms, but Defendant has refused or otherwise failed to submit the outstanding report forms and pay Plaintiffs the contributions owed.

38.     Pursuant to the terms of the trust agreements, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions. (See, Exhibits A, B, C, & D).

39.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *            *            *
>
> **(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)**     the unpaid contributions,
>
> **(B)**     interest on the unpaid contributions,
>
> **(C)**     an amount equal to the greater of –
>
> **(i)**      interest on the unpaid contributions, or
>
> **(ii)**     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)**     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)**     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions

shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.      For a judgment in favor of Plaintiffs and against Defendant, CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE, for all such monies due— including delinquent contributions, check-offs, liquidated damages, interest, and all applicable statutory remedies, for the time period of January 2017 through current—at the time Judgment is rendered;

B.      That the Court enters orders for temporary, preliminary, and permanent injunctive relief requiring the Defendant to immediately submit the outstanding report forms so that the amount of contributions, and other damages due, can be determined;

C.      That Defendant be decreed to pay to Plaintiffs the delinquent contributions and check-offs, and the associated liquidated damages and interest, as reflected on the outstanding report forms;

D.      That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

E.      That Defendant be decreed to pay all costs attendant to these proceedings; and

F.      That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## Count II: Compel Payroll Audit

1.      Plaintiffs re-assert and re-allege paragraphs 1 through 32 of Count I as paragraphs 1 through 32 of Count II as if fully set forth herein.

12.     Plaintiffs have the right to examine the relevant payroll and other business records of the Defendant in order to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned and to determine whether the Defendant has paid Plaintiffs all of the fringe benefit contributions owed. (See, Exhibits A, B, C, & D).

13.     Defendant owes Plaintiffs fringe benefit contributions and other amounts pursuant to the applicable collective bargaining agreements (Exhibits E – J) for the time period of January 1, 2017 to present that Defendant did not report, or reported without paying, to Plaintiffs.

14.     Pursuant to the terms of the trust agreements, the Defendant is liable for reasonable attorney's fees, court costs, audit costs, and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions. (*See*, Exhibits A, B, C, & D).

15.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
>             *          *          *
>
> **(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)**     the unpaid contributions,
>
> **(B)**     interest on the unpaid contributions,
>
> **(C)**     an amount equal to the greater of –

(i)  interest on the unpaid contributions, or

(ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.  That judgment is entered in favor of Plaintiffs and against Defendant, CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE, for all fringe benefit contributions, check-offs, liquidated damages and interest owed to Plaintiffs for the time period of January 1, 2017 through a future date including without limitation the ending date of any payroll compliance audit, as determined by a payroll compliance audit or otherwise;

B.  That Defendant, CUSTOM CURBS, INCORPORATED, d/b/a VAN HUSS CUSTOM CONCRETE, is ordered to provide and/or make available to Plaintiffs or their auditor, all of the necessary payroll and other business records for the time period of January 1, 2017 through a future date determined by Plaintiffs or their auditor;

C.  That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2017 through a future date to be determined by the payroll audit, as well as for the

liquidated damages, interest, audit costs, attorney's fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA;

     D.    That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to the Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

     E.    That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. §1132(g)(2));

     F.    That Defendant is decreed to pay all costs attendant to these proceedings;

     G.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, Plaintiffs' trust agreements, or as is otherwise just and equitable.

OPERATING ENGINEERS LOCAL 965
HEALTH BENEFIT PLAN, *et al*.,
Plaintiffs,

By:    s/ Timothy J. Shrake II
       TIMOTHY J. SHRAKE II
       CAVANAGH & O'HARA LLP
       Attorneys for Plaintiffs
       2319 W. Jefferson Street
       Springfield, Illinois 62702
       Telephone: (217) 544-1771
       Facsimile: (217) 544-9894
       timshrake@cavanagh-ohara.com